## Kelley's Estate

*E. M. Downey*, for petitioner.

CURRAN, J., May 2, 1938.—This is the petition of The Schuylkill Trust Company, guardian of Joseph P. Kelley, found to be a weakminded person, pursuant to the provisions of the Act of May 28, 1907, P. L. 292, as amended by the Act of April 15, 1915, P. L. 124.

Petitioner was appointed guardian of the said Joseph P. Kelley on April 5, 1926, as successor to Mary M. Kelley, the original guardian. The guardian now asks for an order authorizing the payment of a reasonable allowance

out of the estate of the ward, for the support and maintenance of the mother of the said ward.

The estate of the ward is substantial in amount, consisting of $25,649.19, as of the date of the filing of the petition. Most of the estate is the accumulation of compensation and war risk insurance received from the United States Government. Joseph P. Kelley, the ward, is single.

Attached to the petition is an acknowledgment of the United States Veterans' Administration that it has received notice of the presentation of the petition now before us, and a consent given by that department to the entry of an order of allowance as prayed for in the petition.

The mother is a widow and is 76 years of age, residing in the Borough of McAdoo, Schuylkill County, Pa. She has no means of support, has no income, and owns no property. There are two other children living; a son, who is married, and a daughter, single, living in the City of Philadelphia. Both of these children contribute to the support of their mother. By reason of their limited income, they are unable to contribute amounts sufficient to properly provide for the maintenance of their mother.

The Act of 1907, supra, as amended, above referred to, provides in section 6 that guardians appointed in pursuance of the act have the same powers and are subject to the same duties as a committee on lunacy under the Act of June 13, 1836, P. L. 589. The latter act, section 20, provides as follows:

"The committee of the estate of every person found to be a lunatic or habitual drunkard, as aforesaid, shall have the management of the real and personal estate of such person, and shall from time to time, apply so much of the income thereof as shall be necessary to the payment of his just debts and engagements, and the support and maintenance of such person, and of his family, and for the education of his minor children."

Section 6 of the Act of 1907, supra, provides further:

"The court appointing such guardian shall have full power over the same, in directing an allowance for the said ward and for the support and maintenance of his wife, or his or her children, and the education of his or her minor children; and shall enter a decree of sale, mortgaging, leasing, or conveyance upon ground-rent of the real estate, or any part thereof, of the said ward, whenever in the opinion of the court it is necessary for the support and maintenance of the said ward or his family".

As the powers and duties of the guardian by the Act of 1907 are equivalent to those of a committee on lunacy, there thus devolves upon the estate of a ward, particularly when the estate is sufficient to do so, the duty to share in the maintenance and support of his mother: In re Joseph O'Connor, 21 Schuyl. L. R. 130, 6 D. & C. 789; Killeen's Petition, 73 Pitts. 943.

We believe the construction and interpretation of the word "family" used in the above-quoted acts embraces those who are in blood relationship of mother and son, and authorizes the court upon proper petition, where the estate is sufficient, to make an allowance from such estate, for the support of a mother from the estate of a son. This, in addition to his statutory obligation to assist in the maintenance of his mother, would justify an order of support out of his estate.

The prayer of the petition will therefore be granted.

And now, May 2, 1938, The Schuylkill Trust Company, guardian of Joseph P. Kelley, a weakminded person, is hereby ordered and directed to pay to Mary M. Kelley, the mother of Joseph P. Kelley, the sum of $40 monthly, for her support and maintenance; payments made in pursuance of this order to be duly accounted for according to law. The costs of this proceeding to be paid out of this estate.